IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>ROBERTO ARMAS RAMIREZ<br><br>                Defendant. | CASE NO.  1:12-CR-00206 - AWI - 1<br><br>ORDER DENYING DEFENDANT'S MOTION PURSUANT TO TITLE 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 27) |

    The defendant has filed a motion under 18 U.S.C. § 3582(c)(2), seeking a reduction in his sentence on the basis of Amendment 782 to the Sentencing Guidelines which revised the Drug Quantity Table in U.S.S.G. § 2D1.1 and reduced by two levels the offense level applicable to many drug trafficking offenses.  The Government has opposed the motion on the basis that the defendant is not eligible for a reduction under U.S.S.G. §  1B1.10.  For the following reasons, the Court will deny that motion.

    Section 3582(c)(2) authorizes district courts to modify an imposed sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." *United States v. Dunn*, 728 F.3d 1151, 1155 (9th Cir. 2013).  A district court's authority to modify a sentenced is constrained by the Sentencing Commission. *Dillon v. United States*, 130 S.Ct. 2691 (2010). Effective November 1, 2014, the Commission promulgated Amendment 782, which generally revised the Drug Quantity Table and

1

chemical quantity tables across drug and chemical types.  The Commission also voted to make Amendment 782 retroactively applicable to previously sentenced defendants.

In this case, the defendant pled guilty to possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. 924(c)(1). That offense level for that offense is not calculated with regard to U.S.S.G. §1B1.10. As a result, the defendant's sentence was not based on a sentencing range that was lowered by the Sentencing Commission and is not eligible for a reduced sentence.

Moreover, the Defendant was sentenced pursuant to the statutory mandatory minimum for a violation of Section 924 and no authority exists to permit the Court to depart below the minimum in this case.

The Ninth Circuit agrees that where application of the pertinent amendment does not result in a different sentencing range, no reduction of sentence may occur.  *United States v. Leniear*, 574 F.3d 668, 673-74 (9th Cir. 2009) (the final sentencing range was unchanged due to the operation of the grouping rules).  Accordingly, the defendant may not receive any relief under Section 1B1.10.

The defendant's motion pursuant to Section 3582 is hereby denied.

IT IS SO ORDERED.

Dated:  May 7, 2015

SENIOR  DISTRICT  JUDGE